Heather K. McMillan (SBN 188939)
  *heather@scmclaw.com*
Michael J. Berry (SBN 303519)
  *michael@scmclaw.com*
**STEVENS & McMILLAN**
335 Centennial Way
Tustin, CA 92780
Tel.:   (714) 730-1000
Fax:   (714) 730-1067

Attorneys for Plaintiffs,
AMBER GARCIA and VERONICA CERDA

Christopher J. Kondon (SBN 172339)
  *christopher.kondon@klgates.com*
Saman M. Rejali (SBN 274517)
  *saman.rejali@klgates.com*
Jonathan D. Kintzele (SBN 316482)
  *jonathan.kintzele@klgates.com*
**K&L GATES, LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, CA 90067
Tel: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Defendants,
SHASTA BEVERAGES, INC., NATIONAL BEVPAK, and
NATIONAL BEVERAGE CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARCIA, VERONICA CERDA, on behalf of themselves and other similarly situated non-exempt former and current employees, | Case No.:  2:19-cv-07798-PA-AFM |
| | *Hon. Percy Anderson* |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| v. | |
| SHASTA BEVERAGES, INC., NATIONAL BEVPAK, NATIONAL BEVERAGE CORP., and DOES 1 through 50, inclusive, | Date:          November 4, 2019 |
| | Time:         10:30 a.m. |
| | Courtroom:   9A |
| Defendants. | State Complaint Filed: July 26, 2019 [Los Angeles Superior Court Case No. 19STCV26045] |

1

**JOINT RULE 26(f) REPORT**

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's September 12, 2019 Order (Dkt. 9), Plaintiffs Amber Garcia and Veronica Cerda ("Plaintiffs") and Defendants Shasta Beverages, Inc., National Bevpak and National Beverage Corp. ("Defendants") hereby submit this Joint Rule 26(f) report.

**1.**    **Principal Issues**

      **a.**    **Plaintiffs' Statement**

      The main legal issues to be determined on an individual basis are as follows: (1) whether Plaintiff Amber Garcia was subjected discrimination while employed by Defendants; (2) whether Defendants failed to prevent discrimination as to the Plaintiffs; (3) whether Plaintiffs were unlawfully retaliated against by Defendants; (4) whether Defendants violated the California Family Rights Act with respect to Plaintiff Amber Garcia's pregnancy; (5) whether Plaintiffs were wrongfully terminated from Defendants; and (6) whether Defendants' business practices were unlawful, unfair or fraudulent.

      The main legal issues to be determined on an individual and class basis are as follows: (1) whether Plaintiffs and the putative class members were not paid their accrued but unused vacation time upon termination of employment during the class period; (2) whether Plaintiffs and the putative class members were not paid overtime compensation during the class period; (3) whether Plaintiffs and the putative class members were not paid a premium for missed meal breaks during the class period; (4) whether Plaintiffs and the putative class members were not paid a premium for missed rest breaks during the class period; (5) whether Plaintiffs' and the putative class members' itemized wage statements were inaccurate during the class period; and (6) whether Plaintiffs and the putative class members are entitled to waiting time penalties during the class period.

      With respect to class certification, the main legal issues are whether numerosity, commonality, typicality, adequacy of representation and superiority

warrant class treatment of the wage and hour claims/issues set forth above.

**b.     Defendants' Statement**

While disputed on the merits, the items listed in Plaintiff's Statement above are the main legal issues to be determined.

**2.     <u>Proposed Discovery Schedule</u>**

The Parties agree to exchange initial disclosures on November 12, 2019.

The Parties agree that all written discovery requests must be served sufficiently early such that responses are due before the cut-off date and all discovery motions be heard before the motion cutoff date. The Parties will utilize the following discovery mechanisms:  requests for production of documents; interrogatories; requests for admission; and depositions of fact witnesses and persons most qualified.

The Parties do not believe discovery needs to be conducted in phases, with the exception of fact and expert discovery.

The Parties anticipate that they will require expert witnesses at the time of trial. The Parties propose that expert designations occur as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure.

Plaintiffs' Proposal:  Plaintiffs propose a deadline for completion of non-expert discovery of October 6, 2020.  Plaintiffs propose that expert reports need not be exchanged until November 3, 2020, and rebuttal reports 21 days thereafter on November 24, 2020. Plaintiffs propose that the deadline for completion of expert discovery be December 1, 2020.

Defendants' Proposal:  Defendants propose a deadline for completion of non-expert discovery of April 30, 2021.  Defendants also propose an expert discovery cutoff of June 30, 2021, with expert reports to be exchanged on May 31, 2021 and rebuttal reports to be exchanged on June 21, 2021.

JOINT RULE 26(f) REPORT

### a.  Subjects on Which Discovery May be Needed

The Parties anticipate discovery into Defendants payroll practices and polices, as well as discovery into the Plaintiffs' allegations of individual discrimination and harassment, including discovery into the allegations of leave violations.  The Parties anticipate that relevant documents will include the following:

- Personnel records;
- Time records;
- Pay records;
- Personnel policies and employee handbooks;
- Payroll policies and procedures;
- Plaintiffs' personnel records; and
- Relevant electronic communications.

**3.    Proposed Schedule of Law and Motion**

Plaintiffs propose a motion cutoff date of October 20, 2020.

Defendants propose the following schedule:

- Plaintiffs' deadline to file a motion for class certification:  July 20, 2020
- Defendants' deadline to file an opposition to Plaintiff's motion for class certification: October 19, 2020
- Plaintiffs' deadline to file a reply in support of the motion for class certification:  November 9, 2020
- Hearing date: as set by the Court
- Dispositive motion cutoff date (excluding motion for class certification):  May 31, 2021

**4.    Settlement/Alternative Dispute Resolution**

Other than an informal discussion between the Parties' counsel before litigation commenced, there have been no efforts to resolve the case to date.  The Parties will utilize ADR Procedure No. 3, private dispute resolution proceeding.

**5.** **Type of Trial and Trial Estimate**

Plaintiff demands a jury trial. The Parties estimate a trial of ten court days. Plaintiffs propose a trial date of February 9, 2021, and a final pretrial conference January 26, 2021.  Defendants propose a trial date of August 23, 2021 and a final pre-trial conference of August 9, 2021.

**6.** **Amendment of Pleadings/Additional Parties**

Plaintiffs do not anticipate any motion to amend the pleadings at this time, but they reserve their right.  Plaintiffs do not anticipate adding any additional parties, but they similarly reserve their right.

Defendants do not anticipate any motion to amend their answer, but reserve the right to do so.

**7.** **Additional Proposals**

The Parties do not have any proposals regarding severance, bifurcation or other ordering of proof.

**8.** **Issues to be Determined by Motion**

Whether the wage and hour issues are capable of class determination will be determined by a Motion for Class Certification.

Respectfully submitted,

DATED: October 18, 2019          **STEVENS & MCMILLAN**

By: */s/ Michael J. Berry*
Michael J. Berry
Attorneys for Plaintiffs,
AMBER GARCIA and
VERONICA CERDA

JOINT RULE 26(f) REPORT

DATED: October 18, 2019          **K&L GATES, LLP**


By: */s/ Christopher J. Kondon*
Christopher J. Kondon
Attorneys for Defendants,
SHASTA BEVERAGES, INC.,
NATIONAL BEVPAK, and
NATIONAL BEVERAGE CORP.

JOINT RULE 26(f) REPORT

**CERTIFICATE OF SERVICE**
*GARCIA, et al. v. SHASTA BEVERAGES, INC., et al.*
2:19-cv-07798-PA-AFM

I am over the age of 18 and not a party to the within action. I am employed in the County of Orange, State of California; my business address is 335 Centennial Way, Tustin, California 92780.

On the date set forth below, I caused to be electronically filed the following document(s) described as:

**JOINT RULE 26(f) REPORT**

[X]    **BY CM/ECF SYSTEM:** I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case listed below:

     Christopher J. Kondon, Esq.
     Saman M. Rejali, Esq.
     Jonathan D. Kintzele, Esq.
     K&L GATES, LLP
     10100 Santa Monica Boulevard, Eighth Floor
     Los Angeles, CA 90067

     ***Attorneys for Defendants Shasta Beverages, Inc., National Bevpak and National Beverage Corporation***

[X]    [Federal]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2019 at Tustin, California.

                                     */s/ Donald E. Corbett*
                                     Donald E. Corbett