**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
Jonathan D. Kintzele (SBN 316482)
jonathan.kintzele@klgates.com

Attorneys for Defendants Shasta
Beverages, Inc., National Bevpak, and
National Beverage Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARCIA, VERONICA CERDA, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA BEVERAGES, INC., NATIONAL BEVPAK, NATIONAL BEVERAGE CORP., and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 2:19-cv-07798-PA-AFM<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW (LOCAL RULE 16-4)**<br><br>Complaint Filed: July 26, 2019<br>Jury Trial Date: July 7, 2020<br><br>[*Assigned to the Hon. Percy Anderson*] |

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 16 and Central District Local Rule 16-4, Defendants Shasta Beverages Inc.,  National Bevpak, and National Beverage Corp. (collectively, "Defendants") submit the following Memorandum of Contentions of Fact and Law.

## CLAIMS AND DEFENSES (L.R. 16-4.1)

### A.    Summary of Plaintiff's Claims (L.R. 16-4.1(a)-(c)):

**Claims 1, 2, 3, and 6:** Defendants discriminated against Plaintiff by terminating her employment because of her pregnancy, taking of pregnancy leave, and/or other reasons in violation of public policy, and failed to prevent discrimination against Plaintiff.

**Elements for Wrongful Termination on the Basis of Pregnancy and Pregnancy Leave Discrimination Claim:**  Plaintiff must demonstrate that Defendants were employers; that Amber Garcia was an employee of Defendants; that Defendants failed to reinstate Amber Garcia to her position when she returned from maternity leave and/or discharged Amber Garcia; that Amber Garcia's gender/pregnancy was a substantial motivating reason for Defendant's decision not to reinstate Amber Garcia to her position when she returned from maternity leave and/or decision to discharge Amber Garcia; that Amber Garcia was harmed; and that Defendant's conduct was a substantial factor in causing Amber Garcia's harm. *California Civil Jury Instructions, revised 2017 ("CACI") 2430.*

Liability for Wrongful Termination:  Amber Garcia claims she was terminated from employment for reasons that violate a public policy.  It is a violation of public policy to discharge someone for any one of the following reasons:  Taking a pregnancy leave or maternity leave; complaining about pregnancy discrimination; complaining about not receiving meal or rest breaks; or complaining about unlawful pay practices.

In order to prevail on her claim against Defendants alleging liability for wrongfully terminating her on the basis of discrimination, Plaintiff must prove each of

1

the following elements by a preponderance of the evidence:  (1) That Amber Garcia was employed by Shasta Beverages, Inc., National Bevpak, National Beverage Corp.; (2) that Shasta Beverages, Inc., National Bevpak, National Beverage Corp. discharged Amber Garcia; (3) that any one of the above-listed actions of Amber Garcia was a substantial motivating reason for her discharge; (4) that Amber Garcia was harmed; and (5) that the discharge was a substantial factor in causing Amber Garcia's harm. *See* CACI § 2430 (Wrongful Discharge in Violation of Public Policy).

**Brief Description of Key Evidence in Opposition to Wrongful Termination on the Basis of Pregnancy and Pregnancy Leave Discrimination Claim:**

Defendants terminated the employment of Plaintiff Amber Garcia in connection with a company-wide reduction in force necessitated by an unanticipated slowdown in sales growth.  Defendants will introduce testimonial evidence regarding the slowdown in sales growth, the resulting company-wide reduction in force, and the criteria used for the selection of reduced employees.

Plaintiff was granted multiple accommodations in connection with her pregnancy, including a reduction in the number of hours she was scheduled and/or asked to work.  Defendants will introduce evidence that Plaintiff nonetheless continued working hours in excess of her medical provider's restrictions of her own volition, and evidence that her supervisors were unaware that she was contravening the restrictions imposed by her medical providers.

Defendants will introduce evidence that Plaintiff was reinstated to her original position or an equivalent position upon her return from maternity leave, and suffered no reduction in pay or other adverse employment action upon her return from maternity leave.

Plaintiff has not been Damaged:  In addition to the above, Plaintiff must also demonstrate that she has been damaged.  Specifically, that she was harmed by her discharge from employment with Defendants, including that she satisfied her duty to mitigate her damages by seeking gainful employment after termination.  Plaintiff will

RECYCLED PAPER

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

not be able to prove that she was damaged for reasons including that she was reemployed shortly after her termination at another employer, and that she thereafter left her new employment, ending her claim for damages against Defendants.

**Elements for Failure to Prevent Discrimination:** To establish this claim, Amber Garcia must prove all of the following: That Amber Garcia was an employee of Defendants; that Amber Garcia was subjected to discrimination or retaliation in the course of her employment; that Defendants failed to take all reasonable steps to prevent the discrimination/retaliation; that Amber Garcia was harmed; and that Defendants' failure to take all reasonable steps to prevent discrimination/retaliation was a substantial factor in causing Amber Garcia's harm.

Liability for Failure to Prevent Discrimination: The plaintiff claims that defendants failed to "reasonably accommodate" her pregnancy. A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job or allows an employee with a disability to enjoy the same benefits and privileges of employment that are available to employees without disabilities. Reasonable accommodations may include the following: Making the workplace readily accessible to and usable by employees with disabilities; reassigning the employee to a vacant position; modifying or providing equipment or devices; providing other similar accommodations for an individual with a disability. If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith. *See* CACI 2541 (Reasonable Accommodation Explained).

**Brief Description of Key Evidence in Opposition to Failure to Prevent Discrimination Claim:**

Defendants are equal opportunity employers, and do not discriminate against any employee on the basis of any protected characteristic under California and/or federal law. Defendants have taken all required steps to prevent and prohibit

3

RECYCLED PAPER

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

discrimination. Defendants will introduce evidence of Company policies prohibiting discrimination and Company procedures for reporting and addressing discrimination.

Plaintiff was granted multiple accommodations in connection with her pregnancy, including a reduction in the number of hours she was scheduled and/or asked to work. Defendants will introduce evidence that Plaintiff nonetheless continued working hours in excess of her medical provider's restrictions of her own volition, and evidence that her supervisors were unaware that she was contravening the restrictions imposed by her medical providers.

**Claims 4 and 5:** Defendants retaliated against Plaintiff because of her pregnancy, request for family pregnancy leave, and complaints about disparate treatment following her return from pregnancy leave.

**Elements for Retaliation:** In order to prevail on their claims against Defendants alleging liability for wrongfully terminating her on the basis of retaliation, Plaintiff must prove each of the following elements by a preponderance of the evidence: That Amber Garcia engaged in any one of the following protected activities:

a.  Requested pregnancy disability accommodations; or

b.  Took a pregnancy leave and/or maternity leave; or

c.  Complained about being treated differently when she returned from pregnancy leave and/or maternity leave;

That Defendants discharged Amber Garcia; that any one of the above actions of Amber Garcia was a substantial motivating reason for Defendant's decision to discharge Amber Garcia: that Amber Garcia was harmed; that Defendant's decision to discharge Amber Garcia was a substantial factor in causing her harm.

Amber Garcia does not have to prove discrimination in order to be protected from retaliation. If she reasonably believed that Defendant's conduct was unlawful and/or that she requested a leave and/or requested an accommodation, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination.

4

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

RECYCLED PAPER

A "substantial motivating reason" is a reason that actually contributed to the discharge. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the discharge.

Liability for Retaliation: To prove her claim for retaliation, Plaintiff must prove (1) that she requested pregnancy leave and took pregnancy leave, (2) the defendants demoted or discharged the plaintiff, (3) that the plaintiff's requesting of her pregnancy leave was a substantial motivating reason for the defendants' decision to discharge or demote the plaintiff; (4) that the plaintiff was harmed; and (5) that the defendants' decision to discharge/demote the plaintiff was a substantial factor in causing her harm. *See* CACI 2505 (Retaliation) .

**Brief Description of Key Evidence in Opposition to Retaliation Claim:**

Defendants are equal opportunity employers, and do not retaliate against any employee for exercising their lawful rights in the workplace. Defendants terminated the employment of Plaintiff Amber Garcia in connection with a company-wide reduction in force necessitated by an unanticipated slowdown in sales growth.

Plaintiff was reinstated to her original position or an equivalent position upon her return from maternity leave, and suffered no reduction in pay or other adverse employment action upon her return from maternity leave.

Defendants terminated the employment of Plaintiff Amber Garcia in connection with a company-wide reduction in force necessitated by an unanticipated slowdown in sales growth. Defendants will introduce testimonial evidence regarding the slowdown in sales growth, the resulting company-wide reduction in force, and the criteria used for the selection of reduced employees.

**Claims 7-12:** Defendants failed to fully pay Plaintiff for her wages, meal and rest breaks, and related wage-and-hour violations.

**Elements for Proving Wage and Hour Claims:** To prove her wage and hour claims against Defendants, Plaintiff must show by a preponderance of the evidence the following: That Amber Garcia performed work for Shasta Beverages, Inc.,

RECYCLED PAPER

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

National Bevpak, and National Beverage Corp.; that Amber Garcia worked the hours claimed or was entitled to meal and rest breaks; that Shasta Beverages, Inc., National Bevpak, National Beverage Corp. knew or should have known that Amber Garcia had worked unpaid hours or had unpaid meal and rest breaks; that Amber Garcia was not paid for some or all of the hours she worked or had unpaid meal and rest breaks; and the amount of overtime pay owed. *See* CACIs , California Labor Code Sections 201, 226, *et seq.*

**Brief Description of Key Evidence in Opposition to Wage and Hour Claims:**

Throughout her employment, Plaintiff was lawfully paid for all hours worked, including overtime hours, and was provided with 30 minute uninterrupted meal periods whenever required.  Plaintiff was also expressly authorized to take rest breaks at least twice per day, and as many times as she needed while she was pregnant.  To the extent that Plaintiff missed meal periods or rest breaks, she did so of her own volition, and without the knowledge of and in contravention of the directives given by her supervisors.

Defendants issued pay stubs that comply with the requirements of California law to all employees, including Plaintiff, at all times.

No Unfair Competition:  In light of Defendants' compliance with all applicable laws, Defendants have not engaged in unfair competition of any type, nor have they gained any competitive advantage by failing to properly compensate their workforce.

**B.** **Summary of Defendants' Affirmative Defenses (L.R. 16-4.1(d)-(f)):**

**Affirmative Defenses:** the affirmative defenses that Defendants have pleaded for which Defendant bears the burden of proof are discussed below.

6

RECYCLED PAPER

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**Affirmative Defense 1 -Multiple Recovery:** Defendants allege that the claims of the Plaintiff are barred in whole or in part to the extent that Plaintiff seeks multiple recoveries for the same alleged wrong or wrongs.

**Affirmative Defense 2- Plaintiff's Duty to Mitigate her Damages:** Defendants allege that Plaintiff failed to mitigate, minimize, or avoid her purported damages, including but not limited to the duty to seek comparable employment, and Defendants further alleges that to the extent that any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages

**Affirmative Defense 3- Speculative Damages:** Defendants allege that Plaintiff's claims for damages are barred, in whole or in part, because they are speculative and uncertain.

**Affirmative Defense 4 - Non-Work Activities Included in Plaintiff's Claim for Unpaid Wages**: Defendants allege that certain activities that were unpaid did not constitute hours worked, as they were not integral or necessary to the performance of her job with Defendants.

**Affirmative Defense 5 - Legitimate Business Decision:** Defendants will prove that the decision to discharge Plaintiff was a lay-off necessitated for business reasons due to an unanticipated decline in sales growth and revenue in the quarters leading up to the date of Plaintiff's discharge, May 1, 2019.

**Brief Description of Key Evidence in Support of Affirmative Defenses:**

Defendants terminated the employment of Plaintiff Amber Garcia in connection with a company-wide reduction in force necessitated by an unanticipated slowdown in sales growth.

Defendants are equal opportunity employers, and do not discriminate against any employee on the basis of any protected characteristic under California and/or federal law.  Defendants have taken all required steps to prevent and prohibit discrimination.

7

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

RECYCLED PAPER

Plaintiff was granted multiple accommodations in connection with her pregnancy, including a reduction in the number of hours she was scheduled and/or asked to work.  Plaintiff nonetheless continued working hours in excess of her medical provider's restrictions of her own volition, and her supervisors were unaware that she was contravening the restrictions imposed by her medical providers.

Plaintiff was reinstated to her original position or an equivalent position upon her return from maternity leave, and suffered no reduction in pay[1] or other adverse employment action upon her return from maternity leave.

Throughout her employment, Plaintiff was lawfully paid for all hours worked, including overtime hours, and was provided with 30 minute uninterrupted meal periods whenever required.  Plaintiff was also expressly authorized to take rest breaks at least twice per day, and as many times as she needed while she was pregnant.  To the extent that Plaintiff missed meal periods or rest breaks, she did so of her own volition, and without the knowledge of and in contravention of the directives given by her supervisors.

Defendants issued pay stubs that comply with the requirements of California law to all employees, including Plaintiff, at all times.

In light of Defendants' compliance with all applicable laws, Defendants have not engaged in unfair competition of any type, nor have they gained any competitive advantage by failing to properly compensate their workforce.

**EVIDENTIARY AND LEGAL ISSUES (L.R. 16.4-1(g)-(i)):**

**Third-Party Claims or Counterclaims:** There are no third party claims or counterclaims in this action.

**Anticipated Evidentiary Issues:** Defendants do not presently intend to file any motions in limine.  Defendants reserve the right to submit motions in limine at a later time.

---

[1]  Though there was briefly an error with Plaintiff's rate of pay upon her return from maternity leave, it was rectified and she suffered no loss in compensation.

**RECYCLED PAPER**

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**BIFURCATION OF ISSUES (L.R. 16-4.3)**

Defendant is not requesting any bifurcation of issues at this time.

**JURY TRIAL (L.R. 16-4.4)**

Defendant demanded a jury trial in its Answer.

**ATTORNEY'S FEES (L.R. 16-4.5)**

The Court, in its discretion, may award attorneys' fees to the prevailing party.

**ABANDONMENT OF ISSUES (L.R. 16-4.6)**

None.

**K&L GATES LLP**

Dated: May 22, 2020          By:  */s/ Jonathan Kintzele*

          Christopher J. Kondon
          Saman M. Rejali
          Jonathan D. Kintzele
          Attorneys for Defendants,
          SHASTA BEVERAGES, INC.,
          NATIONAL BEVPAK, and
          NATIONAL BEVERAGE CORP.

**RECYCLED PAPER**

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) through the Court's electronic filing system, and paper copies will be sent to those indicated as non-registered participants (if any) on May 22, 2020.

/s/ *Jonathan D. Kintzele*

Jonathan D. Kintzele

1

PROOF OF SERVICE

**RECYCLED PAPER**

305887508 v2