**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
Jonathan D. Kintzele (SBN 316482)
jonathan.kintzele@klgates.com

Attorneys for Defendants Shasta
Beverages, Inc., National Bevpak, and
National Beverage Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARCIA, VERONICA CERDA, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>            Plaintiffs,<br><br>      v.<br><br>SHASTA BEVERAGES, INC., NATIONAL BEVPAK, NATIONAL BEVERAGE CORP., and DOES 1 through 50, inclusive<br><br>            Defendants. | Case No.: 2:19-cv-07798-JWH-AFM<br><br>**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**<br><br>Hearing Date:  January 8, 2021<br>Time:              9:00 A.M.<br>Department:     2<br><br>Hon. John W. Holcomb<br>Magistrate Alexander F. MacKinnon |

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................. 1

II. STATEMENT OF FACTS ................................................................... 2

    A. Plaintiff's Original Motion for Class Certification ..................... 2

    B. Ninth Circuit's Denial of Interlocutory Appeal ........................ 3

III. LEGAL STANDARD ......................................................................... 4

IV. PLAINTIFF'S MOTION FAILS TO MEET THE REQUIREMENTS OF A MOTION FOR RECONSIDERATION ................................................. 6

    A. The Decision In *Frlekin* Does Not Represent A "Change In Law" Warranting Reconsideration Of This Court's Order .............................. 6

    B. Romy Collie's Testimony Does Not Contradict Her Declaration ............. 8

    C. The Testimony Of Romy Collie Is Not A "New Fact" Warranting Reconsideration .................................................................. 8

    D. The District Court Considered All Material Facts In Denying Class Certification, ..................................................................... 9

        i. Second meal break ........................................................ 10

        ii. Automatic Thirty Minute Deduction ............................ 11

V. PLAINTIFF'S PROPOSED CLASS DOES NOT MEET THE STANDARDS FOR CLASS CERTIFICATION ............................................. 11

    A. The Purported New Facts and Law Cited By Plaintiff Do Not Affect the Court's Original Determination that Plaintiff Failed to Meet Its Burden for Class Certification ................................. 12

    B. The Court Properly Found That Plaintiff Failed to Prove Predominance ..................................................................... 12

    C. Plaintiff's Renewed Motion Fails to Provide Any New Grounds for Establishing Predominance ........................................... 16

    D. Plaintiffs Have Failed To Prove Superiority ............................ 18

VI. DISCOVERY SHOULD NOT BE REOPENED WITH REGARD TO CLASS ISSUES ............................................................................ 21

VII. CONCLUSION ............................................................................... 21

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 5-Hour Energy Mktg. & Sales Practices Litig.*,
2017 WL 4772567 (C.D. Cal. Aug. 11, 2017) ........................................................ 4

*Brady v. Deloitte & Touche LLP*,
2012 WL 1059694 (N.D. Cal. 2012) ...................................................................... 19

*Broemer v. Federal Bureau of Investigation*,
2009 WL 10672574 (C.D. Cal., 2009) ...................................................................... 1

*Brown v. Fed. Express Corp.*,
249 F.R.D. 580 (C.D. Cal. 2008) .......................................................................... 20

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003) ...................................................................... 4, 5, 16

*English v. Apple Inc.*,
2016 WL 1108929 (N.D. Cal. Mar. 22, 2016) .......................................................... 5

*Frlekin v. Apple, Inc.*,
979 F.3d 639 (9th Cir. 2020) ...................................................................... 1, 6, 7

*Hughes v. WinCo Foods*,
2012 WL 34483 (C.D. Cal. 2012) .......................................................................... 20

*Inland Concrete Enterprises, Inc. v. Kraft*,
2017 WL 11573694 (C.D. Cal. Oct. 5, 2017) .......................................................... 8

*Jimenez v. Domino's Pizza*,
238 F.R.D. 241 (N.D.Cal. 2010) .......................................................................... 20

*Karol Western Corp. v. Smith News Company Inc.*,
2014 WL 12586417 (C.D. Cal. Feb. 28, 2014) .......................................................... 9

*McKinsty v. Swift Transportation Co., of Arizona, LLC*,
2017 WL 8943524 (C.D. Cal. Sept. 18, 2017) .......................................................... 4

*Reese v. Verizon California, Inc.*,
2011 WL 13193419 (C.D. Cal. Sept. 21, 2011) .......................................................... 5

ii

*Safeway, Inc. v. Superior Court*,
   238 Cal. App. 4th 1138 (2015) ................................................................... 16

*Saunders v. Louise's Trattoria*,
   No. CV 07-1060 SJO PJWX, 2007 WL 4800589, at *1 (C.D. Cal.
   Nov. 19, 2007) ............................................................................................. 5

*Sewchez Int'l Ltd. v. CIT Grp./Commercial Servs., Inc.*,
   No. CV 07-1211 SVW, 2008 WL 11337382 (C.D. Cal. June 3, 2008) ............. 5, 17

*Torrent v. Yakult U.S.A., Inc.*,
   No. 2016 WL 6039188 (C.D. Cal. Mar. 7, 2016) ....................................... 5

*Townsend v. Monster Beverage Corp.*,
   303 F. Supp. 3d 1010 (C.D.Cal. 2018) .................................................... 13

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S.Ct. 1036 (2016) ............................................................................. 13

*In re Wells Fargo Home Mortgage*,
   571 F.3d 953 (9th Cir. 2009) .................................................................. 13

*Williamson v. Citrix Online LLC*,
   2012 WL 12884842 (C.D. Cal., Nov. 8, 2012) ........................................ 4

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .......................................................... 13, 18

**Other Authorities**

Advisory Comm. on Rule 23, 39 F.R.D. 69, 102-03 (1966) ....................... 18

Central District Local Rule 7-18 .................................................................. 1

Fed. R. Civ. P. 23(b)(3) ............................................................................... 13

L.R. 7-18 ................................................................................................. 4, 16

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND
REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

## I.   __INTRODUCTION__

On March 30, 2020, this Court denied Plaintiff Amber Garcia's Motion for Class Certification on the ground that, *inter alia*, individualized inquiries would be required to administer relief to the putative class members.  Nothing has changed, and there are no legal grounds to revisit this Court's decision.

"Reconsideration is an extraordinary remedy that undermines the interest in finality and should be applied only in exceptional circumstances." *Broemer v. Federal Bureau of Investigation*, 2009 WL 10672574, at *2 (C.D. Cal., 2009). Accordingly, the grounds upon which a prior decision can be revisited or reversed are limited to situations where the emergence of new material facts or law not reasonably known before the decision can be shown, or where a showing can be made that the Court failed to consider material facts.  *See* Central District Local Rule 7-18.

Plaintiff cannot make such a showing, and she therefore merely repeats the same arguments and relies upon the same evidence submitted in support of the original motion.  She characterizes a recent decision, *Frlekin v. Apple, Inc.*, 979 F.3d 639 (9th Cir. 2020), as presenting a change in the law, but the decision does not set forth any new legal principle that could apply here or require a different result. Instead, *Frlekin* discusses (in dicta) that personal employee preferences should not be considered variations that prevent class treatment.  While this Court noted that certain declarants in the instant case indicated their personal preferences with respect to taking meal and rest breaks, it did not base its decision on the personal preferences of those declarants—at all.  Plaintiff also offers the May 2020 deposition testimony of Office Manager Romy Collie, which purportedly contradicts the declaration testimony she submitted in support of Defendants' Opposition to class certification.  As explained below, Collie did not contradict her earlier testimony.  In addition, this Court did not base its denial of class certification on the veracity of Collie's testimony.

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

1  Plaintiff's Renewed Motion for Class Certification is a thinly-disguised attempt

2  to get a different decision on an already-decided issue from a newly-assigned judge,

3  and must be denied.

4  **II.   STATEMENT OF FACTS**

5  Plaintiff Amber Garcia ("Plaintiff") is a former employee of Defendants Shasta

6  Beverages, Inc., National Bevpak, and National Beverage Corp. (collectively,

7  "Defendants").  Defendants are manufacturers and distributors of soft drinks and

8  sparkling water beverages headquartered in Fort Lauderdale, Florida.  Defendants

9  operate twelve beverage production facilities in the United States, three of which are

10  located in California.  The California facilities are located in La Mirada and Buena

11  Park (near Los Angeles) and Hayward (near Oakland).  Plaintiff, who worked in La

12  Mirada, brought this putative wage and hour class action on behalf of all hourly

13  workers employed by Defendants in California.

14  **A. Plaintiff's Original Motion for Class Certification**

15  Plaintiff moved for class certification on February 24, 2020 on the grounds that

16  Defendants' California timekeeping and payroll policies and practices were deficient.

17  Defendants filed their opposition to certification on March 3, 2020.

18  Plaintiff thereafter filed two replies, on March 10 and March 18, detailing the

19  efforts of counsel to contact putative class members to interview them about their

20  timekeeping, meal periods and rest breaks, and to obtain their testimony.  Plaintiff

21  introduced approximately 40 signed declarations.

22  On March 30, 2020, this Court issued an order denying class certification on the

23  grounds that Plaintiff had failed to establish predominance under Rule 23(b)(3) (the

24  "Order").  (Dkt. 44)  The Court reviewed each alleged deficiency in Defendants'

25  policies and denied certification, correctly finding that class-wide treatment was not

26  appropriate because individualized issues would predominate.

27  Contrary to Plaintiff's characterization of this Court's decision denying class

28  certification as having been made without a thorough examination of the material facts

2

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

presented (Renewed Motion, 14:2-15:19), the Court generated a detailed order that sets forth each step of the analysis undertaken and explains the Court's evaluation of each of the showings required by Rule 23(a) and (b).  (Order, pp. 2-9.)  As an example, although the Court concludes that it "need not reach the issue of typicality because Plaintiff fails to establish [] predominance," it devotes five paragraphs—an entire page of the Order—to an analysis of typicality and the facts and law at issue. (District Court Order, pp. 2-4).

The Order is especially meticulous in its analysis of predominance.  Each component of Plaintiff's argument is addressed by the Court in detail across five sub-parts, covering the issue of predominance within the context of Defendants' employee handbook policies, missed meal and rest break periods, time card fraud allegations, and inaccurate wage statement claims.  (Order pp. 5-9.)  The Order leaves no stone unturned, analyzing all of the evidence presented by both parties to support its findings.  Much of said evidence is presented by Plaintiff herself ("[d]espite Plaintiff's plethora of evidence . . . she has failed to account for individualized issues that predominate.") (Order, p. 7).  The Court provided a thorough and fully supported ruling, and Plaintiff has presented nothing to change the analysis.

## B. <u>Ninth Circuit's Denial of Interlocutory Appeal</u>

On April 14, 2020, Plaintiff sought Ninth Circuit permission to file an interlocutory appeal per Rule 23(f), restating and elaborating upon the issues presented in the Motion for Class Certification.  Defendants filed an answer on April 27, 2020.  On July 27, 2020, the Ninth Circuit denied the petition.

Thereafter, on September 28, 2020, this matter was transferred from District Judge Percy Anderson to District Judge John W. Holcomb for all further proceedings. Shortly thereafter, Plaintiff filed the present motion.  The issue of certification has already been decided by this Court, and Plaintiff's motion is nothing more than another attempted bite at the apple.

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

### III.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly recognize a "motion for reconsideration.[1]"  Local Rule 7-18 exclusively governs motions for reconsideration and strictly limits the circumstances under which a party may seek reconsideration. Reconsideration of a district court's decision may be made on only three limited grounds:  (a) "a material difference in fact or law from that presented to the Court" that "in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision;" (b) "new material facts or a change of law occurring after the time of such decision;" or (c) "a manifest showing of a failure to consider material facts presented to the Court before such decision." Rule 7-18 also clearly provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion," yet that is precisely what Plaintiff has done here.  L.R. 7-18 (emphasis added).

Courts regularly deny reconsideration where a showing of proper grounds is insufficient.  *See Williamson v. Citrix Online LLC*, 2012 WL 12884842, at *1 (C.D. Cal., Nov. 8, 2012) ("motion for reconsideration must conform with Local Rule 7-18" even in cases where district court may revisit its decision "throughout the entirety of proceedings"); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

---

[1]  Such motions are generally treated as a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b).  *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, 2017 WL 4772567, at *3 (C.D. Cal. Aug. 11, 2017).  Plaintiff has not moved for reconsideration under either of these Rules, and this Court should not consider Rule 59 and 60 in its decision because a denial of class action certification is an interlocutory order, which is governed by Local Rule 7-18. *See McKinsty v. Swift Transportation Co., of Arizona, LLC,* 2017 WL 8943524, at *3 (C.D. Cal. Sept. 18, 2017).

RECYCLED PAPER

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d at 945; *Sewchez Int'l Ltd. v. CIT Grp./Commercial Servs., Inc.*, No. CV 07-1211 SVW (JWJx), 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008) ("a party may not merely urge the court to reconsider past arguments or present new arguments it failed to make prior to the issue of an order"); *English v. Apple Inc.*, 2016 WL 1108929, at *2 (N.D. Cal. Mar. 22, 2016); *Saunders v. Louise's Trattoria*, No. CV 07-1060 SJO PJWX, 2007 WL 4800589, at *1 (C.D. Cal. Nov. 19, 2007) (denying reconsideration where purported recent decisions cited as "new law" relied "only on authority and arguments already considered by this Court in denying class certification."). Disagreement with a court's order is not a proper ground for seeking reconsideration under Local Rule 7-18. *Reese v. Verizon California, Inc.*, 2011 WL 13193419, at *2 (C.D. Cal. Sept. 21, 2011).

When confronting renewed motions for class certification previously denied, "courts uniformly apply the stringent law of the case standard to motions to reconsider initial class certification decisions." *Torrent v. Yakult U.S.A., Inc.*, No. 2016 WL 6039188, at *1 (C.D. Cal. Mar. 7, 2016) (citing *Anderson Living Trust v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 438 (D.N.M. 2015) (quoting William B. Rubenstein, Newberg on Class Actions § 7:35 (5th Ed.)). Rule 23's provision allowing courts to alter or amend class certification orders before final judgment is not a substitute or alternative for a motion for reconsideration. *See e.g.*, *Torrent,* 2016 WL 6039188, at *1 (treating renewed motion for class certification as one for reconsideration and denying it because it "fail[ed] to meet the requirements of Local Rule 7-18" and holding that Rule 23(c)(1)(C)'s provision that a court may alter ruling on class certification "before final judgment" is "not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification").

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

## IV. **PLAINTIFF'S MOTION FAILS TO MEET THE REQUIREMENTS OF A MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration of the denial of class certification based on (1) the purported emergence of new material facts or a change of law occurring after the time of such decision under Rule 7-18(b), or (2) a manifest showing of a failure to consider material facts presented to the Court before such decision under Rule 7-18(c).  Plaintiff fails to meet the standards for reconsideration under either one.

### A. **The Decision In *Frlekin* Does Not Represent A "Change In Law" Warranting Reconsideration Of This Court's Order**

Plaintiff claims that the Ninth Circuit's decision in *Frlekin* represents a change in the law regarding Federal Rule 23(b)(3)'s predominance requirement, warranting reconsideration of the District Court Order.  Nothing in the decision, however, changed the predominance requirements under Rule 23(b)(3).  In fact, *Frlekin* was not even a certification analysis—the case involved a ruling on a motion for summary judgment, and it makes no mention of Rule 23(b)(3).

In *Frlekin*, the plaintiff brought a wage and hour class action on behalf of herself and a class of former and current employees of Apple seeking compensation for time spent waiting for and undergoing exit searches pursuant to Apple's "Employee Package and Bag Search" Policy.  979 F.3d at 644.  The class consisted of "all Apple California non-exempt employees who were subject to the bag-search policy from July 25, 2009, to the present."  *Id*. at 642.  Thereafter, on cross motions for summary judgment, the trial court ruled that the time employees spent waiting for bag searches did not constitute "hours worked," as a matter of law, and was therefore not compensable.  In reviewing the trial court's decision, the Ninth Circuit certified the question of whether the waiting time was compensable to the California Supreme Court, which clarified in the affirmative.  The Ninth Circuit therefore reversed the trial court's grant of summary judgment to the employer, and remanded the case to the trial

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

court with instructions.  A class had already been certified before the appeal was presented, and the Ninth Circuit had no occasion to consider any certification issue.

In opposing the plaintiff's summary judgment motion, the defendants in *Frlekin* argued that "material facts preclude summary judgment in favor of Plaintiffs because some class members 'did not bring bags or devices to work,'" and "were never required to participate in checks."  The Ninth Circuit dismissed that argument, stating that such "disputed facts" pertain "solely to individualized remedies, not to the main legal question as to class-wide relief," whether the time is compensable under California law.  Plaintiff argues that this dicta is a ruling on Rule 23's predominance requirement.  The Ninth Circuit's opinion treated *disputed facts* as they related to whether or not the employees' time was compensable, ***not*** whether the class itself had presented a common question of law or fact that would predominate in a class action.  The sole conceivable relevance of *Frlekin* to the issues now before the Court is the narrow (dicta) reference to the class' having been substantially limited in light of meeting the predominance requirements.  *Id*. at 642 (class limited to those who brought a bag to work purely for personal convenience—the most common scenario— "because of concerns that individual issues regarding the different reasons why employees brought bags . . . would predominate in a class-wide adjudication . . .") Here, in contrast, this Court reviewed more than forty declarations, ultimately denying certification because variations in the employees' treatment demonstrated that there was no class that could maintain a "common scenario" warranting class treatment. (Dkt. 44).

Plaintiff's argument that the Ninth Circuit's decision in *Frlekin* has "clarified the law" is misplaced—it involved review of a district court's summary judgment ruling, not any issues as to the granting or denial of a motion for class certification. *Frlekin* does not present a change in the law that is applicable here, and does not present basis for reconsideration under Rule 7-18(b).

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

### B. <u>Romy Collie's Testimony Does Not Contradict Her Declaration</u>

Plaintiff argues that the deposition testimony of Office Manager Romy Collie conflicts with her declaration testimony submitted in opposition to certification. There is no inconsistency.  In her declaration, Collie testified that the Company has "never had any policy or practice of altering, moving, manipulating, reducing or eliminating overtime hours worked (or any hours worked)."  This is not inconsistent with the practice of deducting 30 minutes from employee time to account for the fact that employees did not clock in and out for lunch.  The practice of deducting time applied only to time *not actually worked*, specifically the time during which employees were clocked in but were taking their lunch break.

Furthermore, the Order only relies on Collie's declaration testimony in ruling that the "time card fraud" allegations did not warrant class certification.  (Dkt. 44.)  It does not rely on her testimony (or mention it) in connection with the analysis of the practice of deducting 30 minutes to account for employee lunches.  (*See* Dkt. 44, p. 4, 6, 8.)  As such, even if the statements in Collie's declaration and deposition were contradictory, which they are not, this Court's ruling with respect to certification did not rely on them to Plaintiff's detriment.  Reconsideration on the basis of Collie's testimony is not warranted.

### C. <u>The Testimony Of Romy Collie Is Not A "New Fact" Warranting Reconsideration</u>

Collie's deposition testimony is not *new* material, and would not have changed this Court's decision had it been obtained earlier.  "As a general matter, to prevail on a motion for reconsideration based on newly-discovered evidence, the movant must show that the evidence (1) existed at the time of the trial or the ruling in question, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case or motion." *Inland Concrete Enterprises, Inc. v. Kraft*, 2017 WL 11573694, at *1 (C.D. Cal. Oct. 5, 2017) (internal quotations omitted).  "New" facts have also been

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

interpreted as facts that themselves have transpired since the order was entered, not just facts that are new to the party offering them. *Karol Western Corp. v. Smith News Company Inc.*, 2014 WL 12586417, at *5, n.1 (C.D. Cal. Feb. 28, 2014).

The information in Collie's deposition testimony was available to Plaintiff *before* the original motion for class certification was filed, and the same information Plaintiff self-labels "new material" is the same information contained in the declarations already filed in support of that motion.  Plaintiff fails to address the twenty-two declarations she filed in support of class certification that contain the same information to which Collie attested regarding automatic deductions from timecards, or the thirty-four declarations attesting that Defendant did not have a policy authorizing or permitting a second meal period.  (Dkt. 31 [Declaration of Veronica Cerda and Declaration of Amber Garcia]; Dkt. 39 [Declaration of Daniel P. Stevens].)  Collie's testimony is not a "new material fact," but is instead a characterization of a fact already considered, offered through a different individual.  The Order reflects consideration of the declarations of former and current employees, many of whom attested to the same facts Collie did, in ultimately deciding that individual issues would predominate.  Plaintiff does not explain why additional testimony from Collie regarding this specific issue should change this Court's disposition.

**D. <u>The District Court Considered All Material Facts In Denying Class Certification,</u>**

Plaintiff recycles the same arguments presented in her original motion for class certification, which is exactly what Local Rule 7-18 prohibits.  ("[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.)  The Court should not be asked again to consider the same matters previously presented and decided just because Plaintiff disagrees with the outcome.

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

### i. Second Meal Break

Plaintiff suggests that this Court failed to discuss and analyze Plaintiff's claims regarding the second meal break, which Plaintiff acknowledges was presented to this Court in her supplemental reply brief and her reply brief as well. (*See* Dkt. 38, 3:25-28), "every person we have interviewed has told us that they have never received a second meal break when they work over 10 hours per day even though many of them work 12 hours shifts as their regular shift and most of the remaining employees."; (Dkt. 39, 2:17-19), "50 out of 50 (100%) did not receive a second meal period when they worked in excess of 10 hours.")  This is improper argument under Rule 7-18, which does not allow repetition of any oral or written argument made in support of or in opposition to the original motion.

Plaintiff also argues that the Order fails to provide an in-depth analysis and reflects a failure to consider material facts in issuing its decision.  Not so.  On the contrary, a review of the order shows that Court considered the thirty-five declarations submitted by Plaintiff in her supplemental reply brief, those submitted in support of her moving papers and initial reply papers, and the declarations provided by Defendant.  That the Court did not individually analyze each and every single declaration submitted by each side is not a "manifest error" to "consider material facts."

Further, Plaintiff argues that, because there were no individual variations as to the second meal break claim, this Court would have certified the class had it addressed the issue in its ruling.  This, again, is incorrect.  The Order did not deny class certification of missed meal periods simply because there were individual variations, but because a review of "35 additional declarations" filed by Plaintiff did not ameliorate whether "individualized inquiries will be necessary to determine if class members missed a meal period or break because of Shasta's uniform policies/practices—**or** because of the employee's personal preferences."  (Dkt. 44.)

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

It is readily apparent that the Court *did* take into account all evidence submitted by both sides in ultimately denying class certification.

### ii.  Automatic Thirty Minute Deduction

Plaintiff next takes issue with the Court's omission of a detailed analysis of the thirty-minute payroll deduction claim.  In so doing, Plaintiff acknowledges that the Court considered the thirty-minute automatic deduction claim, (*see* Motion, p. 15:2-3), but nonetheless argues that somehow a more detailed discussion of that would have changed the Court's disposition.  Plaintiff is again recycling arguments already presented to this Court (unsuccessfully)—that a thirty-minute automatic deduction claim is worthy of class certification—and as discussed above, this is improper under Rule 7-18.

The Court's ruling *did* take into account the declarations provided in support of and in opposition to this claim, stating "proposed class members have never experienced an issue with receiving full pay for their time worked."  (See Dkt. 44) (citing Maldonado Declaration, "I have not found any instance where I was not paid for all of the hours that I have worked, nor have I found any instance in which my pay or work record was altered so that I would not receive all of the pay I had earned."); citing Franco and Garcia declarations for the same).

Plaintiff seems to suggest that the *only* acceptable order denying class certification must individually cite every single declaration submitted in support and opposition.  The fact remains that both the second meal period claim and the thirty minute automatic deduction claim were considered by this Court prior to the denial of class action certification.  Any attempt by Plaintiff to revive these claims through a motion for reconsideration should be denied.

### V.  PLAINTIFF'S PROPOSED CLASS DOES NOT MEET THE STANDARDS FOR CLASS CERTIFICATION

Plaintiff's "renewed" request for class certification still fails to establish that she can satisfy all elements necessary under Rule 23(b).

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

**A.** **The Purported New Facts and Law Cited By Plaintiff Do Not Affect the Court's Original Determination that Plaintiff Failed to Meet Its Burden for Class Certification**

Plaintiff's Motion relies heavily upon claims of "new evidence" relating to certain alleged policies of Defendants, such as automatically deducting time for employee breaks. But this Court's order cited those policies, and stated that they were sufficient to satisfy Plaintiff's burden as to other requirements under Rule 23(b), such as, for example, a showing of *commonality*. (Order, p. 4). Plaintiff nonetheless asserts that the District Court failed to consider "material" facts and/or "newly discovered" facts that would have otherwise altered its decision denying the original class certification request. (Mot., 5:24-27.) To the contrary, the Order directly cites its review of Plaintiff's "plethora of evidence" in coming to its ultimate decision. (Order, p. 7). Indeed, the Court extensively examines—across five pages of the ten-page Order—the same alleged policies Plaintiff cites in its Renewed Motion, explaining their impact and application to Plaintiff's ultimate showing under Rule 23(b). (Order pp. 5-9.) It was through this same thorough assessment that the Court made its decision to deny Plaintiff's original request for certification due to a failure to establish in particular that common questions of law or fact predominate over questions affecting individual class members. (Order pp. 4-6.)[2]

**B.** **The Court Properly Found That Plaintiff Failed to Prove Predominance**

As this Court properly found in its denial of Plaintiff's original motion, Plaintiff cannot show predominance under Rule 23(b)(3) because her class claims necessitate significant individualized determinations across members of the proposed classes and

---

[2] In an effort to not unnecessarily restate the arguments made in opposition to Plaintiff's original motion for class certification, Defendants incorporate those arguments by reference herein, and have narrowed this section to analysis of Plaintiff's failure to establish predominance and superiority under Rule 23(b).

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

subclasses.  Failure to satisfy the predominance requirement is fatal to a plaintiff's motion for class certification.  Fed. R. Civ. P. 23(b)(3).

The predominance analysis focuses on the relationship between common and individual issues, and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.  *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1042 (C.D.Cal. 2018).  "[T]he 'notion that the adjudication of common issues will help achieve judicial economy' is an integral part of the predominance test."  *In re Wells Fargo Home Mortgage*, 571 F.3d 953, 958 (9th Cir. 2009).  If the main issues in a case require individualized assessment, a Rule 23(b)(3) action is inappropriate.  *Zinser*, 253 F.3d at 1190.  "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, classwide proof."  *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016) (citations omitted).

In this case, Plaintiff provided plenty of evidence that the Court took into consideration, but failed to provide evidence showing that common issues predominate its claims across its various class member employees and subclasses. Instead, as this Court found, the determination as to whether hourly workers received meal breaks, rest breaks, and were properly paid for overtime work will require an evaluation of a multitude of individualized issues because there is no uniformity across the purported class members due to their individualized job positions, shift times, and the unique nature of their work place and job demands.

In short, there can be no uniformity across the purported class because, as shown by evidence submitted by both sides and expressly noted by this Court, the nature and timing of Defendants' employees' breaks vary by job position, duties, and area of work.  (*See, e.g.*, Order, p. 7 ("Declarations submitted by both sides demonstrate variation across Shasta's facilities and departments."); Order, p. 8

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

("Plaintiff's declarations present similar allegations that suggest time card alterations were not made on a uniform, class-wide basis.). Plaintiff herself provides a telling example. While Plaintiff attempts to characterize herself as a "production worker," her job duties involved ***office work***, rather than work in the facility production line or the work of operating machinery at the La Mirada plant. For example, Plaintiff stated that she had difficulty taking meal or rest break periods at times because of a lack of "coverage" for her at her desk duties and stated conclusively therefore that all class employees were "not provided with a relief person to do their job." (Amber Garcia Decl., ¶ 8.) This contention, however, is directly contradicted by the statements given by hourly production workers, including those at the same facility, such as Arica Bonilla, who stated that she typically takes both her rest breaks each shift, the timing for which would often be determined by when "a lead worker releases me and someone else covers me." (Bonilla Decl., ¶ 7.) While also labeled a "production worker," the job duties of Bonilla, in stark contrast to those of workers in the office of the facility such as Plaintiff, include "operating filling and packing machinery;" work which requires "constant monitoring." (*Id.*, ¶¶ 6-7.) She is therefore always relieved by another worker before she takes her rest and meal breaks. (*Id.*) Further, Bonilla has never missed a meal break nor was she interrupted during her meal breaks with work-related communications or tasks. (*Id.*, ¶ 8.) The divergence of the experience of these two production workers is but one example of the type of non-uniformity among class members that the Order referenced at length, illustrating the lack of uniformity among the putative class, even among workers in the same department.

Another example of the lack of cohesive issues to be presented was illustrated by the testimony of Edward Jindra, a production worker of approximately 19 years, whose job duties encompass some of the clerical work performed by Plaintiff Garcia and declarant Cerda. As a "scheduler" within the production department, Mr. Jindra sets the production schedule for various products manufactured at the La Mirada plant. (Jindra Decl., ¶ 5.) He explained that he generally takes his first break after the

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

second hour of his shift and the second break typically after lunch.  He also states that he has never missed a lunch break, nor has he been interrupted during his breaks or prevented from taking a rest or meal break. (*Id.*, ¶ ¶ 7-9.)  Despite the similarity of his duties to those of Plaintiff and Ms. Cerda, he nonetheless attested to a completely *different* experience with the policies and alleged violations Plaintiff relies upon for her class claims.

Another employee, Alyssa Garcia, a production worker with more than two years on the job, stated that she typically begins her shift early in the day, at 5:00 a.m., and works until 1:30 p.m. (Alyssa Garcia Decl., ¶¶ 4-7.)  She explained that although she understands and has been informed of her entitlement to two rest break periods per day, she chooses to not take them "because I don't feel that I need them." (*Id.*)  Her job duties include processing paperwork and purchasing spare parts.  (*Id.*)

Quality control tech Alan Franco, who works the 12:30 p.m. to 9:00 p.m. shift, generally takes his first rest period after the second hour of work, but often chooses to not take his second break, despite being aware of his entitlement to it as well.  (Franco Decl., ¶¶ 4-7.)  Franco's job duties include testing products for compliance and examining labeling and packing.  (*Id.*)  Another production quality tech with the same shift time and job duties as Mr. Franco, Jonathan Maldonado, generally takes his first rest break around the same time as Franco (the second hour), but also sometimes chooses to take his second rest break in the latter half of his shift.  Maldonado attested that he has never felt pressured to not take his breaks nor had them interrupted by work-related tasks or communications.  (Maldonado Decl., ¶¶ 4-8.)

Similarly, production worker Mr. Jindra, attested that he has never had inaccuracies with his overtime pay or time records.  (*Id.*, ¶¶ 10-11.)  Alyssa Garcia stated that she has generally reviewed her paychecks and has never noticed any issues with the recording of her time or her pay.  (Alyssa Garcia Decl. ¶¶ 4-11.)  Mr. Franco reported to have never had issue with his overtime work not having been properly tracked or paid.  (Franco Decl. ¶¶ 10-11.)  While Maldonado explained that he

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

recalled a single occasion where his overtime pay had not been properly calculated, he stated that he was immediately paid and his time records corrected upon notifying the facility office manager.  (Maldonado Decl., ¶ 10.)  Arica Bonilla reported to have not found any instances in which she was not fully paid for hours worked.  (Bonilla Decl. ¶¶ 4-11.)  Indeed, over the course of her entire time of employment with Defendants, Bonilla stated that she only once encountered a clerical issue with her overtime pay or time records, and upon notifying the La Mirada office manager, Bonilla's time-records were immediately and accurately corrected and paid.  (*Id.*, ¶¶ 10-11.)

## C. **Plaintiff's Renewed Motion Fails to Provide Any New Grounds for Establishing Predominance**

Plaintiff points to alleged new facts, new law, and new subclasses that apply to satisfying some of the other elements of Rule 23(b)(3)—some of which the Court already deemed were satisfied by Plaintiff's original motion—Plaintiff's Renewed Motion is silent as to how these items carry material impact **on its previous failure to satisfy predominance under Rule 23(b).**

Instead, Plaintiff's "renewed" motion either re-hashes the same legal arguments asserted in her original motion for class certification or attempts to employ variations of those arguments in reliance on authority that was available at the time of the original motion.  The authorities were reviewed by this Court and fully incorporated into the decision to deny Plaintiff's original motion, and thus do not serve as grounds for reconsideration under Local Rule 7-18.  Where Plaintiff's renewed motion relies upon decisions that had been available when she submitted her original motion, reconsideration on those grounds is similarly prohibited.  *Carroll v. Nakatani*, *supra*, 342 F.3d at 945.  An example of this is Plaintiff's reliance on *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1159 (2015), as the central support for her "renewed" arguments as to Defendants' meal and rest break premiums policies.  (Mot.

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

21:22-23:3.)  Despite applying the same set of facts,[3] Plaintiff's original motion does not cite to *Safeway* in support, **nor does the original motion cite to the *Safeway* decision *at all*.**  *Sewchez*, *supra*, 2008 WL 11337382, at *2 (C.D. Cal. 2008) ("a party may not merely urge the court to reconsider past arguments or ***present new arguments it failed to make prior to the issue of an order***") (emphasis added).  Plaintiff's attempt to re-litigate an already decided issue could not be more obvious or inappropriate.

Factually, the same is true of Plaintiff's renewed motion, which falls short of citing any reasons the alleged "new" facts discovered would materially alter the Court's determination as to the predominance issue.  For example, Plaintiff asserts that she "established through the defendant's person most qualified … that none of the employees who worked more than ten hours received a second lunch break," and that "no contradictory evidence" was "offered by the defendant on this issue in the original motion for certification."  (Mot., 21:17-21.)

Plaintiff also cites to the purported policies that resulted in automatic time deductions from employee time records, stating that a "new" fact gleaned from the deposition of Defendants' PMK, if known, would have led this Court to a different decision because additional class discovery "likely would have found" that no employee had been paid for such missed premiums.  (Mot., 22:3-9.)  First, this attenuated and speculative argument relies on a hypothetical series of events Plaintiff asserts would have stemmed from one item of testimony, including additional class discovery that "likely" would have unearthed facts she hopes would support her motion.  Second, and most important, this argument is unfounded because not only does this Court largely dismiss any probative value deriving from the PMK's original statement (Collie Decl., ¶ 15), but the Court proceeds to cite actual declarant

---

[3]  Mot. 21:20-21 ("There was no contradictory evidence presented by the defendant on this issue in the original motion for certification.").

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

RECYCLED PAPER

statements that directly disprove Plaintiff's theory as to what it "likely" would find in Defendants' employee records:

> Several proposed class members have never experienced an issue with receiving full pay for their time worked.  (See, e.g., Maldonado Decl. ¶11 ("I have not found any instance where I was not paid for all of the hours that I have worked, nor have I found any instance in which my pay or work record was altered so that I would not receive all of the pay I had earned."); Franco Decl. ¶¶10-11 (same); Garcia Decl. ¶11(same).)

(Order, p. 8.)  In fact, the Court goes on to make specific and particular references to numerous statements from declarations *submitted by Plaintiff* that "present similar allegations that suggest time card alterations were not made on a uniform, class-wide basis."  (Order, pp. 8-9.)

In short, because Plaintiff has provided no new justification or supporting authorities that can lead the Court to a different determination as to predominance, Plaintiff has failed to meet its burden to show that the proposed class satisfies Rule 23. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  As a result, Plaintiff's renewed request is just as defective as it was originally, and should be denied.

### D. <u>Plaintiffs Have Failed To Prove Superiority</u>

This Court declined to address the issue of superiority under Rule 23 because it had decided that class certification could not be granted due to a lack of predominance.  As such, Defendants address the lack of superiority here on the basis that it is a separate and additional basis for denying both Plaintiff's original and its renewed motion.

Rule 23(b)(3) requires that "a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy."  There are many aspects to the superiority requirement, but the ultimate test is whether efficiencies can be achieved "without sacrificing procedural fairness or bringing about other undesirable results."  Advisory Comm. on Rule 23, 39 F.R.D. 69, 102-03 (1966).

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

Under Rule 23(b)(3)(A), one aspect of the superiority requirement involves the interest of parties in controlling their own claims.  Unlike the cases Plaintiff cites involving low wage workers who are intimidated and unlikely to pursue claims if they exist, California workers have demonstrated a willingness to pursue claims when they want to pursue them, whether through individual or class litigation.  Here, workers from several departments at the La Mirada facility, including maintenance, production, and quality control all attest that they were paid for all of the time they worked, and others testified that they rarely (if ever) missed meal periods.

Under Rule 23(b)(3)(D), another aspect of the superiority requirement involves whether a class proceeding will be manageable.  This analysis typically starts with an analysis of a proposed plan for managing the class action.  *E.g.*, *Ginsburg*, 2013 WL1661483, *7.  It is not enough to state that payroll or other records exist or that representative testimony can be offered:  Plaintiff must explain how the records or testimony can be used to prove class liability and class damages.  *See, e.g.*, *Brady v. Deloitte & Touche LLP*, 2012 WL 1059694, *6 n.3 (N.D. Cal. 2012) (need "a reliable basis for extrapolating" to the class).

Here, Plaintiff's counsel provided no plan for proving liability or damages.  This is because these claims are simply not manageable as a class action.  The purported issues that might prevent a production worker from taking a meal period or rest break, such as the need to monitor a machine or the inability to locate a replacement worker to provide relief, would not apply to an office worker in charge of shipping and receiving.  The issues identified by Veronica Cerda, a shipping clerk, are not likely to be presented in the Quality Control department, where workers are testing the purity of the water used to make the beverages or the adherence of the finished products to Company standards.  Plaintiff has not addressed the conditions applicable to warehouse workers, who are not governed by a production schedule.

For all of the foregoing reasons, the litigation is likely to splinter into individual determinations or small subclasses based on department or location (that may lack

RECYCLED PAPER

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

numerosity) and based on when or where the workers worked, what they did, how they were paid, and what they were paid.  *See, e.g.*, *Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 253 (N.D.Cal. 2010).

Under Rule 23(b)(3)(C), a third aspect of superiority involves the question of efficiency and judicial economy.  There is none to be found in this case.  Class actions that require individualized determinations and splinter into small disputes are, by their nature, inefficient.  *See Hughes v. WinCo Foods*, 2012 WL 34483, *9 (C.D. Cal. 2012) (no superiority: the "class proceeding would not promote greater efficiency because the class action would devolve into hundreds or thousands of 'mini-trials'; thus, the difficulties associated with pursuing these claims via a class action outweigh any benefits"); *Brown v. Fed. Express Corp.*, 249 F.R.D. 580, 587-88 (C.D. Cal. 2008) (no superiority: because of need for individualized proof, "class members would face many of the same difficulties in motivation and expenditure of resources that they would encounter in separate actions").

Plaintiff fails to advance any plan for addressing the lack of uniformity of the class claims.  The only conclusion that can be drawn from what has been presented is that each and every class member will need to be interviewed or deposed to determine whether they actually took their meal periods and whether such meal periods were uninterrupted, whether they began those meal periods prior to the commencement of their sixth hour of work, whether they were authorized to take rest breaks, whether they actually took rest breaks or were unable to do so due to work pressure, and whether any class member worked off-the-clock or had their hours manipulated by Company supervisors to avoid the payment of overtime.  Quite obviously class treatment would be extraordinarily inefficient in light of the variations in experience, and the mini-trials to be conducted within the action would defeat the very purposes of class treatment.

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

## VI.    DISCOVERY SHOULD NOT BE REOPENED WITH REGARD TO CLASS ISSUES

Plaintiff provides no basis for why additional depositions or the designation of an expert witness would have any impact on the Court's ruling on its Motion, and therefore, within the context of this Motion, Plaintiff's request that discovery be reopened must be denied.  Additionally, to the extent there is any relevance in the reasons referenced by Plaintiff to be resolved here, Plaintiff's request for reopening discovery is facially premature.  The assertion that an expert witness, for example, is needed to provide testimony "for the class claims" (Mot., 25:11-12), would be a moot point in the event the Court denies Plaintiff's Motion.  Simply put, the Court should deny Plaintiff's request to reopen discovery as to class issues to the extent that the right to such relief will not ripen until after the Court has ruled on this Renewed Motion.

## VII.    CONCLUSION

For all the reasons outlined herein, the Court should deny Plaintiff's Renewed Motion for Class Certification and Request to Reopen Discovery to Conduct Class Discovery.

Dated:        December 16, 2020        By:    /s/ Jonathan Kintzele

Christopher J. Kondon
Saman M. Rejali
Jonathan D. Kintzele
Attorneys for Defendants,
SHASTA BEVERAGES, INC.,
NATIONAL BEVPAK, and
NATIONAL BEVERAGE CORP.

**RECYCLED PAPER**

**OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY**

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) through the Court's electronic filing system, and paper copies will be sent to those indicated as non-registered participants (if any) on December 16, 2020.

/s/ *Jonathan D. Kintzele*

Jonathan D. Kintzele

1

CERTIFICATE OF SERVICE

**RECYCLED PAPER**