UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GARCIA, on behalf of herself and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA BEVERAGES, INC., NATIONAL BEVPAK, NATIONAL BEVERAGE CORP., and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:19-cv-07798-JWH-AFMx<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND REQUEST TO REOPEN DISCOVERY TO CONDUCT CLASS DISCOVERY [ECF No. 106]** |

1    Before the Court is the renewed motion of Plaintiff Amber Garcia,
2    individually and on behalf of others similarly situated, for class certification.[1]
3    The Court finds this matter appropriate for resolution without a hearing.  *See*
4    Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in
5    opposition,[2] the Court orders that the Motion is **DENIED**, for the reasons set
6    forth herein.

7    ### I.  <u>BACKGROUND</u>

8    Garcia, a former employee of Defendants Shasta Beverages, Inc.; National
9    Bevpak; and National Beverage Corp., filed this putative wage and hour class
10   action in California state court on behalf of all employees employed by
11   Defendants in California.[3]  Defendants removed the action to this Court on
12   September 9, 2019.[4]  Upon removal, the action was assigned to the Honorable
13   Percy Anderson.[5]  On February 24, 2020, Garcia moved to certify the proposed
14   class,[6] which Defendants opposed.[7]  Garcia filed two replies in support of the
15   motion to certify the class, which included a total of 40 declarations from
16   putative class members.[8]  Judge Anderson took Garcia's motion under
17   submission and on March 30, 2020, issued an order denying class certification

18
19
20   [1]    Plfs.' Renewed Mot. for Class Certification [ECF No. 106] (the
        "<u>Motion</u>").
21   [2]    The Court considered the following papers:  (1) the Compl. [ECF
        No. 1-2]; (2) the Motion (including its attachments); (3) Defs.' Opp'n to the
22   Motion (the "<u>Opposition</u>") [ECF No. 112]; and (4) Plfs.' Reply in Supp. of the
        Motion [ECF No. 113].
23   [3]    *See generally* Compl.
24   [4]    Defs.' Notice of Removal [ECF No. 1].
25   [5]    Notice of Assignment [ECF No. 4].
     [6]    Plfs.' Mot. to Certify Class [ECF No. 31].
26   [7]    Defs.' Opp'n to Plfs.' Mot. to Certify Class [ECF No. 36].
27   [8]    *See* Plfs. Reply in Supp. of Mot. to Certify Class (including its
        attachments) [ECF No. 38]; Plfs. Suppl. Reply Br. in Supp. of Mot. to Certify
28   Class (including its attachments) [ECF No. 39].

on the ground that Garcia failed to establish predominance under Rule 23(b)(3) of the Federal Rules of Civil Procedure.[9]

On April 14, 2020, Garcia petitioned the Ninth Circuit for permission to file an interlocutory appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.[10]  The Ninth Circuit denied Garcia's petition on July 27, 2020.[11]

On September 25, 2020, this action was transferred from Judge Anderson to this Court.[12]  Garcia filed the instant Motion on November 6, 2020, and it is fully briefed.

## II.  DISCUSSION

At the outset, the Court must determine the applicable legal standard for its analysis of the Motion, which Garcia presents as a renewed motion to certify the proposed class pursuant to Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure.[13]  Defendants contend that the Motion should be analyzed as one for reconsideration under L.R. 7-18.[14]

Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Other courts have held that Rule 23(c)(1)(C) is "not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification.  Rather it is simply a provision authorizing the court to alter or amend an order relating to class

---

[9]      *See generally* Order Denying Class Certification (the "Order") [ECF No. 44].

[10]      Motion 5:14–16.

[11]      *Id.* at 5:21–23.

[12]      Order of the Chief Judge (#20-129) [ECF No. 99].

[13]      *See* Motion 10:21–23.  However, in her Motion, Garcia recognizes that some judges in the Central District have held that a renewed motion for class certification is subject to the requirements of Local Rule 7-18 for Reconsideration.  *Id.* at 10:24–11:4.

[14]      *See* Opposition 4:2–14.

1    certification at any time prior to judgment." *Torrent v. Yakult U.S.A., Inc.*,
2    No. 15-cv-00124-CJC, 2016 WL 6039188, at *1 (C.D. Cal. March 7, 2016)
3    (quoting *Daniel F. v. Blue Shield of California*, No. C 09-2037 PJH, 2015 WL
4    3866212, at *3 (N.D. Cal. June 22, 2015)).  "When confronting renewed
5    motions for class certification previously denied, 'courts uniformly apply the
6    stringent law of the case standard to motions to reconsider initial class
7    certification decisions.'"  *Id.* (citing cases).
8         The Court agrees with the reasoning of those courts—a renewed motion
9    for class certification is properly analyzed under as one for reconsideration.
10    Accordingly, Garcia is required to meet the requirements for reconsideration
11    under L.R. 7-18.
12   **A.    Legal Standard for Reconsideration**
13        This Court's Local Rules provide that a motion for reconsideration may
14    be based upon "a material difference in fact or law from that presented to the
15    Court before such decision that in the exercise of reasonable diligence could not
16    have been known to the party moving for reconsideration at the time of such
17    decision."  L.R. 7-18.  In addition, "new material facts or a change of law
18    occurring after the time of such decision, or . . . a manifest showing of a failure to
19    consider material facts presented to the Court before such decision" may also be
20    grounds for reconsideration.  *Id.*; *see also Carroll v. Nakatani*, 342 F.3d 934, 945
21    (9th Cir. 2003).  Finally, L.R. 7-18 provides that "[n]o motion for
22    reconsideration shall in any manner repeat any oral or written argument made in
23    support of or in opposition to the original motion."
24        Garcia argues that her Motion meets the standard for reconsideration
25    under L.R. 7-8.  Specifically, Garcia contends that reconsideration is warranted
26
27
28

on the following grounds:  (1) new law, L.R. 7-18(b);[15] (2) new facts, *id.*;[16] and (3) failure to consider material facts, L.R. 7-18(c).[17]  The Court addresses each of Garcia's arguments for reconsideration in turn.

### 1.   <u>New Law</u>

Garcia's first argument for reconsideration is that in concluding that individualized injuries predominate the class claims, the Order relied upon reasoning from other district courts that has since been clarified by the Ninth Circuit's decision in *Frlekin v. Apple*, 973 F.3d 947 (9th Cir. 2020).  The Court is not persuaded.

*Frlekin* is both factually and procedurally inapposite.  *Frlekin* did not involve the standard for class certification; rather, it was an appeal of a district court's order granting summary judgment to the defendant on the ground that, as a matter of law, the time that employees spent waiting for their bags to be searched was not compensable as "hours worked."  *Id.* at 950.  The Ninth Circuit certified to the California Supreme Court the question of whether such waiting time was compensable, and that court answered that question in the affirmative.  *See id.* at 950–51.  Therefore, in light of the ruling of the California Supreme Court, the Ninth Circuit reversed the district court's grant of summary judgment to the employer and remanded for further proceedings.  *Id.* at 952.

The Court's Order here, in contrast, focused on whether Garcia satisfied her burden to show that common questions of law or fact predominate over questions concerning individual members of the class.  In its detailed Order, the Court concluded that, based upon a review of Garcia's evidence, individualized inquiries predominate common questions.  Specifically, the Court found that

---

[15]     *See* Motion 11:16–12:25.

[16]     *See id.* at 12:26–13:27.

[17]     *See id.* at 14:1–15:19.

there were individualized inquiries with respect to (1) Defendants' implementation of policy across different departments and facilities and by different supervisors;[18] (2) the variation across Defendants' different facilities with respect to meal periods and rest breaks;[19] and (3) the disparity among the class members with respect to whether they experienced timecard alterations or inaccurate wage statements.[20]

In view of the difference between the applicable legal standards and findings in this case as compared to *Frlekin*, the Court does not regard *Frlekin* as materially relevant to any issue decided in the Court's Order. *Frlekin* does not constitute a change in law that would warrant reconsideration under L.R. 7-18.

## 2.   New Facts

Garcia's second argument is that newly discovered facts—specifically, the deposition testimony of Defendants' person most knowledgeable, Romy Collie—warrant reconsideration of the Order.[21] At her deposition, Collie testified that Defendants had a policy of deducting 30 minutes from employee time cards if the employee worked 5.5 hours or more.[22] Garcia contends that Collie's deposition testimony conflicts with her declaration testimony submitted in opposition to the original motion for class certification, in which Collie testified that Defendants "never had any policy or practice of altering, moving, manipulating, reducing or eliminating overtime hours worked (or any other hours worked)."[23]

---

[18]    *See* Order 6.
[19]    *See id.* at 6–8.
[20]    *See id.* at 8–9.
[21]    *See* Motion 12:26–13:27.
[22]    *Id.* at 12:28–13:2 (citing relevant portions of Collie's deposition).
[23]    *Id.* at 12:26–13:27.

L.R. 7-8 provides that "new material facts" may warrant reconsideration. Other courts in the Central District have held that to prevail on a motion for reconsideration based upon new facts or evidence, "the movant must show [that] the evidence (1) existed at the time of the trial [or the ruling in question], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case [or motion]." *Shorter v. Baca*, No. 12-cv-07337-JCG, 2016 WL 6822236, *1 n.1 (C.D. Cal. June 24, 2016) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)), *accord Inland Concrete Enterprises, Inc. v. Kraft*, No. 10-cv-01776-VBF, 2017 WL 11573694, at *1 (C.D. Cal. Oct. 5, 2017).

The Court finds that Collie's deposition testimony does not warrant reconsideration of the Order. First, Collie's deposition testimony simply does not conflict with her declaration testimony. It is evident that Collie's declaration testimony was provided in reference to Garcia's contention that Defendants committed timecard fraud by altering time cards to reduce or eliminate the ***overtime hours*** worked—not Defendants' practices with respect to the deduction of 30 minutes from employee timecards to account for an employee's failure to clock out for a lunch break. Indeed, Garcia's Original Motion[24] distinguished between Defendants' alleged practice of automatically deducting 30 minutes from employee timecards and Defendants' alleged practice of altering timecards to reduce or eliminate employee overtime hours worked.

Moreover, the Court's finding that Garcia's timecard fraud claim would require individualized inquiries was not based solely upon Collie's declaration

---

[24] *See* Pls.' Mot. for Class Certification (the "Original Motion") [ECF No. 31] 7–8; *see also* Order 8–9 (analyzing each of the two theories of "timecard fraud" alleged by Garcia).

testimony.  Collie's declaration was only one among many declarations submitted by the parties in connection with the Original Motion.  Rather, the Court found, based upon the evidence that Garcia submitted, that "[s]everal of the proposed class members have never experienced an issue with receiving full pay for their time worked"[25] and that "Plaintiff's declarations . . . suggest [timecard] alterations were not made on a uniform, class-wide basis."[26]  It was on that basis that the Court concluded that Garcia's timecard fraud claim "fail[ed] to meet the predominance requirement."[27]

Accordingly, the Court finds that Garcia has failed to show the existence of any new material facts that would warrant reconsideration.

### 3.    Failure to Consider Material Facts

Garcia's final argument for reconsideration is that the Court failed to consider material facts concerning Defendants' policies relating to second meal periods for employees who work more than 10 hours and the aforementioned policy of automatically deducting 30 minutes from employees' timecards for meal periods.[28]  Garcia's Motion, however, acknowledges that Garcia presented these same facts and arguments to the Court in her reply and supplemental reply filed in support of her Original Motion for class certification.[29]  Thus, in the instant Motion, Garcia's sole argument is that the Court's purported failure to analyze explicitly every argument and piece of evidence that Garcia submitted necessarily means that the Court did not consider the at-issue evidence at all.[30]  The Court is not persuaded.

---

[25]    Order 8.

[26]    *Id.*

[27]    *Id.* at 9.

[28]    *See* Motion 14:1–15:19.

[29]    *See id.* at 14:15–23 & 15:2–12.

[30]    *See id.* at 14:23–26 & 15:13–19.

1    L.R. 7-8 expressly prohibits a party moving for reconsideration from
2 "repeat[ing] any oral or written argument made in support of or in opposition to
3 the original motion."  Yet, by her own admission, that is exactly what Garcia
4 does here.[31]  L.R. 7-8's prohibition against raising arguments that were
5 previously made exists for good reason.  Courts are not obligated to explain
6 every conceivable basis for their decisions, and, moreover, a court's decision not
7 to address explicitly certain evidence or arguments in a written order does not
8 mean that the court failed to consider that evidence or those argument in its
9 ruling.  It would be improper for this Court to conduct a *post hoc* examination of
10 Judge Anderson's reasoning and conclusions regarding the sufficiency of the
11 arguments and evidence that were presented in connection with the Original
12 Motion.  That role is reserved to the Ninth Circuit, and the Ninth Circuit
13 already declined to hear Garcia's interlocutory appeal of the Order.
14    Accordingly, the Court finds that Garcia has failed to establish that
15 reconsideration is warranted based upon a failure to consider material facts.

### III.  CONCLUSION

17    Based upon the foregoing, Garcia's Renewed Motion for Class
18 Certification is **DENIED**.
19    **IT IS SO ORDERED.**
20
21 Dated:  February 25, 2021
22                                                    John W. Holcomb
                                                       UNITED STATES DISTRICT JUDGE
23
24
25
26
27
──────────────
28 [31]    *See id.* at 14:15–23 & 15:2–12 (acknowledging that these arguments were
made in connection with the original motion).